State v. Farlee.

that this bond to Terril must be construed as a release to him, or at least as a covenant not to sue him, and, to prevent circuity of action, must be taken as an acquittance. They cited the case of *Clayton* v. *Kynaston*, 2 *Salk.* 573; 1 *Ray.* 419, *S. C.*

[82] *Boudinot, Sen.*, contra, cited *Lacy* v. *Kinaston*, 1 *Ray.* 688; *Salk.* 575, *S. C.*; 1 *Show.* 330, *Comb.* 123; *Fitzgerrard* v. *Trant*, 11 *Mod.* 254.

PER CUR. This is a harsh defence, and evidently contrary to justice. Miller has paid nothing. Shotwell has not prosecuted Terril. It seems as if Shotwell had been willing to let off Terril, upon paying half; he has given him a receipt for half, and a bond, with a condition to indemnify him against the other half. The case in *Raymond* makes a distinction between a release to one obligor, and a covenant not to sue. Shotwell gives Terril a bond, and the condition of it is to save harmless against the bond in question, or forfeit, &c. Constructive releases ought not to be carried beyond the intent. 11 *Mod.* 254 comes nearest to the case before the court. It was never the intention of the parties to discharge Miller, but Terril, only; and we cannot carry the transaction beyond the intent of the parties. Let judgment be entered for plaintiff. (a)

(a) This doctrine is recognized in its broadest extent in *Dean* v. *Newhall*, 8 *T. R.* 168. See also 2 *Saund.* 48, *a, Williams'* note.

---

THE STATE v. FARLEE.

The court which issues a writ of error is to decide upon the propriety of it; the court to which it issues cannot examine into the question.

*Leake* had obtained a rule to show cause why a writ of error which he presented should not be allowed, or an appeal granted to the governor and council, upon a judgment of this court on *habeas corpus*.

State v. Farlee.

*Boudinot, Jun.*, showed cause, and insisted that a writ of error would not lie in this case, it not being matter of record. No judgment is given upon which a writ of error at common law can be grounded. The relief rests on facts not put on the record—matter of evidence, of which a court of error can have no cognizance. It is against the very end of the proceeding, which is to relieve against the unlawful restraint of liberty, and by a summary inquiry. He cited the case of [83] *Bishop of St. David's* v. *Lucy*, 1 *Salk.* 134; *Finch* v. *Renew*, 3 *Salk.* 145; *King* v. *The Dean and Chapter of Trinity Chapel*, 8 *Mod.* 27. As to granting an appeal, he contended that it fell under the same objections. Besides an appeal could only lie in civil cases, tried according to the course of the common law, and the constitution of New Jersey gives an appeal to the governor and council as heretofore.

*Leake* contended that whatever the rule of law in England might be, as to an appeal or writ of error on a *habeas corpus ad subjeciendum*, all the reasoning from it was inapplicable to the case of negroes, liberated on that writ here; that it was in New Jersey a mere question of property; and in its nature as much the subject of revision as any other species of property. He insisted that it was a matter of constitutional right, that no party could be deprived of a revision of a judgment, or proceeding in any court, which affected his property. As to the proceeding not being of record, he contended they were all of record; and the facts of the case might be as well judged of, on an appeal, in the Court of Errors, as here. He conceived there was no court in New Jersey which could originally try and finally determine. This court was not to decide on the question of the jurisdiction of the other, that the point now in debate could only be brought forward on a motion to quash in the court above.

*Boudinot*, in reply, cited the case of *Sir Christopher Heyden* v. *Roger Godsalve*, 2 *Croke* 341

G

PER CURIAM. The court must allow the writ of error. We cannot inquire into the competency of the writ. The court who issued it must do that, and we shall give no opinion on the point.

CITED *in State* v. *Baird,* 4 *C. E. Gr.* 488.

---

[84]                    WARDER v. WHITALL.

1. An award made in these words, "For £991 11s. 9d., sterling money of Great Britain, payable in good safe sterling bills of exchange on England or Holland to that amount, or so much current money as will purchase such bills," is sufficiently certain, though otherwise in case of a judgment.

2. The judgments of the courts of New Jersey must always be entered in the current money of the state.

---

On motion to show cause why the award of the referees made in this cause should not be set aside.

In September Term, 1788, a rule of reference was made in this action, which was brought by an English merchant to recover an English debt in the usual form. The referees, in August, 1789, made a report "for £991 11s. 9d., sterling money of Great Britain, payable in good safe sterling bills of exchange on England or Holland to that amount, or so much current money as will purchase such bills."

*Leake* objected to this award, as—

1st. Uncertain; because "safe and good sterling bills" admitted of construction and doubt, so that defendant might not certainly know what were good and safe bills; besides, these bills are to be drawn on England or Holland: which is wholly vague and insensible; it is impossible to perform it. The award ought to have designated some person or partnership; or at least some particular fund, or place, ought to have been mentioned.